UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-1485-JST (MLGx)                                           Date:  January 16, 2013

Title:  St. Paul Mercury Insurance Co. v. Standard Pacific Corp., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                                         Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT GRANT DEFENDANTS' SPECIAL MOTION TO STRIKE ("Anti-Slapp") RETURNABLE JANUARY 18, 2013**

On October 3, 2012, Defendants Talega Associates, LLC ("Talega") and Standard Pacific Corp. ("Standard") (collectively "Defendants") filed Special Motions to Strike Plaintiff St. Paul Mercury Insurance Co.'s ("St. Paul's") Complaint under California Code of Civil Procedure section 425.16 ("Anti-Slapp statute").  (Mots., Docs. 5 & 6.)  Plaintiff opposed the Motion on November 21, 2012, (Opp'ns, Docs. 12 & 19), and Defendants replied on January 11, 2013.  (Replies, Docs. 33 & 34.)

In its Complaint, Plaintiff brought claims for breach of contract and declaratory relief, claiming that Defendants breached an insurance contract ("the Policy") that gave Plaintiff the right to appoint counsel in an underlying action.  (Compl., Doc. 1.)[1] Defendants moved to strike Plaintiff's claims under California's Anti-Slapp Statute, alleging that Plaintiff's Complaint "arises from acts in furtherance of [Defendants'] right to petition."  (Mems. of P. & A. in Support of Mots. ("Memos"), Docs. 5 & 6 at 3.)

In Opposition, Plaintiff asserts that it had the right to select counsel under the terms of the Policy, and attaches nearly three-hundred pages of various policies in support of its position without citing to any page in particular.  (*See* Opp'ns at 3-4 (citing generally to Exhibit A, which by itself is nearly three-hundred pages); Replies at 11 ("[Plaintiff] dumped on the Court hundreds of pages of policies issued to *Bemus*. . . .

---

[1] The insurance contract lists Bemus Landscaping, Inc. as the insured, but Defendant's submitted claims under the Policy as additional insureds.  (Vandermoore Decl. ¶ 3, Doc. 13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-1485-JST (MLGx)                                      Date:  January 16, 2013

Title:  St. Paul Mercury Insurance Co. v. Standard Pacific Corp., et al.

[and] provides no explanation [as to] which of [the] policies' differing provisions apply to [Defendants].")  Plaintiff apparently expects the Court to find the relevant provisions on its own, though most of the pages lack policy numbers and appear randomly ordered.[2]  But "[w]e will not manufacture arguments for [a party], and a bare assertion does not preserve a claim. . . . [J]udges are not like pigs hunting for truffles buried in briefs."  *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (*quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)) (internal quotation marks omitted.)

      Plaintiff is therefore ORDERED to produce the relevant policy provisions in an organized manner and with a declaration citing to specific page numbers that support Plaintiff's position by **January 18, 2013**.  Failure to do so may result in the Court's granting of Defendants' Motion as uncontested.

      Initials of Preparer:  <u>enm</u>

---

[2] The Court has already had to continue the hearing on Defendants' Motions because of a late-filed Opposition by Plaintiff.  (Doc. 31.)

---

**CIVIL MINUTES – GENERAL**                                                                                                    2